## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IUE-CWA, *et al.*, | ) | |
| | ) | CASE NO. 4:15-CV-2301 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| General Electric Company, | ) | MAGISTRATE JUDGE LIMBERT |
| | ) | |
| Defendant. | ) | |

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

David M. Fusco (0010387)
Jesse M. Gannon (0090461)
SCHWARZWALD McNAIR & FUSCO LLP
616 Penton Media Building
1300 East Ninth Street
Cleveland, Ohio 44114-1503
(216) 566-1600
(216) 566-1814 (facsimile)
dfusco@smcnlaw.com
jgannon@smcnlaw.com

Thomas M. Kennedy (NY Bar No.1394162)*
Susan M. Jennik (NY Bar No. 1809342)*
Cristina E. Gallo (NY Bar No. 4882957)*
KENNEDY, JENNIK & MURRAY, P.C.
113 University Place, 7th Floor
New York, N.Y. 10003
(212) 358-1500
(212) 358-0207
tkennedy@kjmlabor.com
sjennik@kjmlabor.com
cgallo@kjmlabor.com

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*

**TABLE OF CONTENTS**

INTRODUCTORY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ................................................................................................................2

ARGUMENT

I.      STANDARD ON MOTION TO TRANSFER VENUE........................................................7

II.     THE MOTION TO TRANSFER VENUE OF THE CASE TO THE
NORTHERN DISTRICT OF NEW YORK SHOULD BE DENIED .................................9

        A.      This District Is Convenient for the Parties..................................................9

        B.      This District Is Convenient for Witnesses ................................................12

        C.      The Interests of Justice Favor this District ...............................................13

        D.      This Court Should Give Deference to Plaintiffs' Choice of Forum .......................13

        E.      The Respective Docket Loads of this District and the Northern
District of New York Are Comparable When Properly Analyzed ........................14

CONCLUSION................................................................................................................................15

# **TABLE OF AUTHORITIES**

**Cases**

*Armco, Inc. v. Reliance Nat'l Ins. Co.*, No. C-1-96-1149, 1997 U.S. Dist. LEXIS 7880 (S.D. Ohio May 30, 1997) ...................................................................................9

*Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608 (6th Cir. 1984)..............................................13

*Estate of Thomas v. CIMSA Ingenieria de Sistemas*, No. 5:11CV1960, 2012 U.S. Dist. LEXIS 154116 (N.D. Ohio Oct. 26, 2012).........................................................9

*Gdovin v. Catawba Rental Co., Inc*., 596 F. Supp. 1325 (N.D. Ohio 1984) ................................13

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947).............................................................................13

*Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390 (E.D. Mich. 1982) ....................................9

*Kaufman v. Gen. Elec. Co.,* No. 14-Cv 1358 (E.D. Wis. filed Oct. 28, 2014) ............................. 12

*Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531 (6th Cir. 2002) ..................................................11

*Lewis v. Allegheny Ludlum Corp.*, No. 4:11CV2517, 2011 U.S. Dist. LEXIS 148584 (N.D. Ohio Dec. 21, 2011) ..........................................................................................9

*Mead Data Cent., Inc. v. West Publ'g Co.*, 679 F. Supp. 1455 (S.D. Ohio 1987) ...........................9

*Morris v. Mid-Century Ins. Co.*, No. 4:11CV1836, 2012 U.S. Dist. LEXIS 60246 (N.D. Ohio April 30, 2012) ................................................................................................10

*Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951) .........................................................................13

*Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S. Ct. 544, 99 L. Ed. 789 (1955)....................................9

*Pace Indus. Union-Mgmt. Pension Fund v. King Soopers, Inc.*, No. 3:11-cv-00148, 2011 U.S. Dist. LEXIS 43553 (M.D. Tenn. Apr. 18, 2011).........................................14

*Reese v. CNH Am. LLC*, 574 F.3d 315 (6th Cir. 2009)..................................................................13

*Roberts Metals, Inc. v. Florida Properties Mktg. Group*, 138 F.R.D. 89 (N.D. Ohio 1991), *aff'd*, 22 F.3d 1104, 1994 U.S. App. LEXIS 4840 (Fed. Cir. 1994) ......................................................................................................................................9, 13

*Schmid Labs., Inc. v. Hartford Accident & Indem. Co.*, 654 F. Supp. 734 (D.D.C. 1986) ................................................................................................................................ 11

*Tyler v. Sento Corp*., No. 05:08CV1047, 2008 U.S. Dist. LEXIS 123709 (N.D. Ohio Oct. 17, 2008) ..........................................................................................................10, 12

*UAW v. C.F. Gomma, U.S.A., Inc.*, No. 05-CV-71633-DT, 2005 U.S. Dist. LEXIS 41772 (E.D. Mich. July 29, 2005) .......................................................................................11

- iii -

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................................................8

28 U.S.C. § 1406(a) ...........................................................................................................................8

29 U.S.C. § 185..................................................................................................................................7

29 U.S.C. § 185(a) .............................................................................................................................8

29 U.S.C. §§ 1001, *et seq*..................................................................................................................7

29 U.S.C. § 1132(e) ...........................................................................................................................7

29 U.S.C § 1132(e)(2).......................................................................................................................12

## INTRODUCTORY STATEMENT

In the guise of a motion to transfer venue of this case, GE uses most of its brief to argue the merits of this case. GE is wrong both on the merits of the Complaint and on the appropriate venue for this action.[1] GE's argument that there is no factual relationship between this case and the Northern District of Ohio, and its Youngstown Division, is belied by the thousands of retirees affected by GE's unilateral termination of the post-65 retiree benefit plans who worked for GE and now live in and near this District.

GE accuses Plaintiffs of misrepresenting that GE's principal place of business in this District is a shuttered facility in Trumbull County rather than the headquarters of GE Lighting in Cuyahoga County. (ECF 20-1 at 2.) That is not true. In fact, Plaintiffs indicated GE as a "resident" of Trumbull County on the Civil Cover Sheet per Local Rule 3.8(b), which states that "a defendant that is a corporation shall be deemed to reside in any county in the district in which it is subject to personal jurisdiction at the time the action is commenced…." GE has stipulated that it is subject to personal jurisdiction in Trumbull County and Local Rule 3.8(b) has been satisfied. (ECF 32.)

Ironically, GE's motion to transfer venue is nothing more than an attempt at forum shopping because GE fears that the law in the Sixth Circuit may be less favorable for its defense than the law in the Second Circuit. (ECF 20-1 at 2-3.) While Plaintiffs are confident that their claims will prevail in any circuit, they are entitled to select any appropriate forum for the conduct of this action and urge this Court to respect their chosen forum.

---

[1] To avoid burdening the Court with a discussion of the substantive allegations of the Complaint that do not bear on the venue issue, Plaintiffs have refrained from addressing the merits arguments made by GE in support of its motion. (ECF 20-1.)  To the limited extent necessary, these merits issues will be addressed in Plaintiffs' opposition to the motion to stay discovery which is also being filed with the Court today.

## STATEMENT OF FACTS

Since 1973, workers represented by the Plaintiff unions have bargained jointly with GE to establish, maintain and from time to time amend the terms of post-65 retiree health plans through the Coordinated Bargaining Committee of GE Unions ("CBC").[2] Since 1973, the CBC and GE have repeatedly reached agreements on the terms of retiree health benefits, both for active employees and retirees. The terms of the retiree benefit plans were actively negotiated by the parties in each national negotiation. (Declaration of Janet M. Bernard dated January 19, 2016 ("Bernard Decl.") ¶¶ 9 and 12; Declaration of Thomas M. Kennedy dated January 19, 2016 ("Kennedy Decl."), Ex. A.) GE's insinuation that the CBAs merely incorporated changes made by GE to the retiree benefit plans is simply wrong and does not reflect the history of active negotiations by the Unions over the terms of these plans. (ECF 20-1 at 4.)

The CBC and GE negotiators understood that the retiree health benefits agreed upon by the parties would last for the lifetime of the retirees. The CBC contracts from the early 1990's to 2007 included an unusual provision that even after the labor contract expired, GE's cost for retiree health care would be fixed at the cost level in place at the last year of the contract. However, in the 2007 negotiations, GE eliminated the post-contract expiration cap on retiree health care costs. Whether GE's post-retirement health care expenditures were capped or not,

---

[2] The Plaintiff unions are: IUE-CWA; IUE-CWA GE and Aerospace Conference Board; United Electrical, Radio & Machine Workers of America; International Brotherhood of Electrical Workers; International Association of Machinists and Aerospace Workers; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America; International Federation of Professional and Technical Engineers; International Brotherhood of Teamsters; United Steel, Paper Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (collectively, "Plaintiff Unions").

2

this provision certainly demonstrates that the parties did not understand that the contract's expiration would terminate GE's retiree health care plans. (Complt. ¶ 27(B).)

In July, 2015, GE unilaterally informed retirees that their health benefits would be terminated.[3] While GE argues that it retained the ability to modify or terminate its retiree health benefits, GE's ability to modify or terminate retiree health benefits includes a major caveat: any such right is subject to provisions of collective bargaining agreements. (*Id.*, ¶¶ 38, 45, 48, 50 and 69.) The collective bargaining agreements, which repeatedly describe the retiree health benefits as subject to "lifetime" caps, prevent GE from unilaterally terminating the benefits. (*Id.*, ¶ 27(A).)

The key facts cited by GE in support of its motion to transfer venue to the Northern District of New York and Plaintiffs' responses are:

- GE is a New York corporation, though headquartered in Connecticut. (ECF 20-1 at 7.)

RESPONSE: GE has stipulated that it is subject to personal jurisdiction in Trumbull County and GE has a very substantial presence in the Northern District of Ohio, including the headquarters of the GE Lighting Division, which has $5.88 billion in annual revenue. (ECF 32; Kennedy Decl., Ex. B.)

- GE's principal place of business in New York is in the Northern District of New York. (ECF 20-1 at 7.)

---

[3] GE's assertion that the plans were not terminated but simply changed is misleading. GE terminated the benefits and did not replace them but offered retirees the opportunity to purchase benefits from an exchange with which GE contracted. It offered retirees $1,000 per year to pay for the costs of the plans they would purchase. (Complt. ¶ 58.)

RESPONSE: Referring to the location of GE's "principal place of business in NY" as the Northern District of New York is misleading since that district is not the principal place of business of GE in the United States. GE employed thousands of Ohio residents in at least 12 different factories in the Northern District of Ohio, including factories in the following cities in this District:

| Union | Ohio Town | Peak No. of GE Employees |
|---|---|---|
| IUE-CWA Local 692 | Newscomerstown | 67 |
| IUE-CWA Local 704 | Bucyrus | 450 |
| IUE-CWA Local 705 | Dover | 195 |
| IUE-CWA Local 707 | Cleveland | 3,500 |
| IUE-CWA Local 722 | Warren | 1,200 |
| IUE-CWA Local 734 | Youngstown/Austintown | 1,000 |
| IUE-CWA Local 715 | Euclid | 750 |
| IUE-CWA Local 739 | Tiffin | 1,100 |
| UE Local 731 | Conneaut | 350 |
| UE Local 751 | Niles and Mahoning | 400 |
| UE Local 703 | Akron/Youngstown | 47 |
| UAW Local 70 | Cleveland Ivanhoe Plant | 250 |

(Bernard Decl., ¶ 5.)

Large GE facilities employing over 5,000 employees included the following locations: Lynn, Massachusetts; Pittsfield, Massachusetts; Bridgeport, Connecticut; Schenectady, New York; Erie, Pennsylvania; Louisville, Kentucky; Fort Wayne, Indiana; and Evendale, Ohio. GE continues to employ IUE-CWA members in this District: Local 704 in Bucyrus has 280 members employed by GE; Local 705 in Dover has 33 members employed by GE; and Local 707 in Cleveland has 150 members currently employed by GE. (*Id.*, ¶ 4.)

- The CBAs are negotiated in New York. (ECF 20-1 at 8.)

RESPONSE:   The GE national negotiations with the CBC have actually occurred in New York City, within the Southern District, not the Northern District, of New York. (Bernard Decl., ¶ 8.)

4

- The CBAs incorporated letters of understanding which were sent to the IUE-CWA in Ballston Spa, New York. (ECF 20-1 at 7.)

RESPONSE: While the IUE-CWA GE Conference Board is currently located in the Northern District of New York, its location has varied over the years; it was located in Louisville, Kentucky from 1989 to 2004, and it was located in Philadelphia, Pennsylvania from 1982 or 1983 until 1989. (Bernard Decl., ¶ 14.) The offices of the Chairman of the CBC are in Dayton, Ohio. (*Id.*, ¶ 11.)

- The number of retirees who live in the Northern District of New York is 50% greater than the number of retirees who live in the Northern District of Ohio. (ECF 20-1 at 8.)

RESPONSE: This "artful" representation does not fairly depict the locations of the 54,405 GE production retirees who are over age 65. GE has now acknowledged that these 54,405 retirees live in all 50 states and that the two states with the highest population of GE retirees are Ohio and Kentucky. (Kennedy Decl., Ex D.) A total of 4,943 or 9% of the post-65 production retirees reside in the Northern District of New York but a roughly equivalent percentage, 3,006, or 5.5% of the total, reside in the Northern District of Ohio and 3,005, or 5.5% of the total, reside in the Southern District of Ohio. (*Id.*, Ex. D.)

The information produced by GE also shows that the Northern District of Ohio is a relatively central location for GE post-65 retirees based on the top ten states in which those retirees reside and that a burden would be imposed on the retirees if this action were transferred to the Northern District of New York. (*Id.*, Exs. E and F.) The ten states with the most post-65 production retirees are:

5

| State | Number of post-65 GE retirees |
|---|---|
| Florida | 2,592 |
| Illinois | 2,203 |
| Indiana | 3,902 |
| Kentucky | 7,244 |
| Massachusetts | 3,100 |
| North Carolina | 2,579 |
| New York | 5,493 |
| Ohio | 6,011 |
| Pennsylvania | 4,036 |
| Virginia | 1,984 |

(*Id.*, Ex. D.)

The GE representatives who negotiated its collective bargaining agreements with the CBC did not reside in the Northern District of New York. In its Initial Disclosures, GE identified six potential witnesses in this case, none of whom are located in the Northern District of New York: Virginia Proestakes, GE Director of Health Benefits, Connecticut; Gregory Capito, GE Vice President, Connecticut; John Fischetti, GE Director, U.S. Compensation & Benefits, Connecticut; Larry Cook, former Director of U.S. Benefits and M&A Integration, North Carolina; Michael DeSantis, former Manager of Global Union Relations, Connecticut; and David Speier, Towers Watson Senior Benefit Consultant, Washington, D.C. (*Id.*, Ex. G.)

The Plaintiffs identified 21 active and retired union negotiators and 10 GE negotiators in their Initial Disclosures; only two of the Union negotiators, Robert Santamoor and Vincent Vines, reside in New York State and none of the GE negotiators reside in New York State. (Bernard Decl., ¶ 15; Kennedy Decl., Ex. H.) The 19 other potential active and retired union negotiators include two witnesses, Janet Bernard and James Ledford, who reside in the Northern District of Ohio and one, James Clark, who resides in the Southern District of Ohio. (Bernard Decl., ¶ 15.)

6

The Union Plaintiffs reside generally in the Eastern and Midwestern United States. The locations of their offices are as follows: IUE-CWA, Dayton, Ohio; IUE-CWA GE and Aerospace Conference Board, Ballston Spa, NY; UE, Pittsburgh, Pennsylvania; International Brotherhood of Electrical Workers, Washington, D.C.; International Association of Machinists and Aerospace Workers, Upper Marlboro, Maryland; International Union, United Automobile, Aerospace and Agricultural Implement Workers of American United Automobile Workers, Detroit, Michigan; International Federation of Professional and Technical Engineers, Washington, D.C; International Brotherhood of Teamsters, Washington, D.C.; and United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied Industrial and Service Workers International Union, Pittsburgh, Pennsylvania. (Complt. ¶¶ 5, 7-13.)

Of the 28 Individual Plaintiffs, six reside in the Northern District of Ohio; two reside in the Louisville, Kentucky area; three reside in Massachusetts; three reside in the Erie, Pennsylvania area; three reside in the Southern District of Ohio; one resides in Wisconsin; one resides in New Jersey; seven reside in the Northern District of New York; and two reside in Florida. (Complt. ¶ 14.)

## ARGUMENT

**I.      STANDARD ON MOTION TO TRANSFER VENUE.**

This action was brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.,* and Section 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185. Venue is asserted pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e), which provides as follows:

> (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent

7

> jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.
>
> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

Thus, venue is proper in this District as GE concedes that it resides or may be found in this District. (ECF 32.)

The venue provision under the LMRA is found in § 301(a), 29 U.S.C. § 185(a), which provides as follows:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Similarly, GE has conceded that this District has jurisdiction over it. (ECF 32.)

GE does not bring this motion under 28 U.S.C. § 1406(a), which provides for transfer if venue is improper. Rather, GE asserts its motion to transfer venue under 28 U.S.C. § 1404(a), which provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The factors to be considered on a motion to change venue have been summarized, as follows:

> The following factors enter into a court's consideration of a motion for change of venue:
>
> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer.

8

*Roberts Metals, Inc. v. Florida Properties Mktg. Group*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991), *aff'd*, 22 F.3d 1104, 1994 U.S. App. LEXIS 4840 (Fed. Cir. 1994). Further, two additional factors that courts consider are plaintiff's choice of forum and the respective docket loads of the two district courts. *Id.* at 92 n.2; *see also Armco, Inc. v. Reliance Nat'l Ins. Co.*, No. C-1-96-1149, 1997 U.S. Dist. LEXIS 7880, at *4 (S.D. Ohio May 30, 1997); *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982) (citations omitted). The language of the statute also indicates that the Court has broad discretion in ruling on such motions. *Mead Data Cent., Inc. v. West Publ'g Co.*, 679 F. Supp. 1455, 1465 (S.D. Ohio 1987) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955)); *Estate of Thomas v. CIMSA Ingenieria de Sistemas*, No. 5:11CV1960, 2012 U.S. Dist. LEXIS 154116, at *10 (N.D. Ohio Oct. 26, 2012) (citation omitted). In a case regarding retiree health benefits, this Court found that the "presence of the overwhelming majority of potential class members" was especially relevant. *Lewis v. Allegheny Ludlum Corp.*, No. 4:11CV2517, 2011 U.S. Dist. LEXIS 148584, at *6 (N.D. Ohio Dec. 21, 2011) (Pearson, J.).

As described below, GE has not met its burden of showing that the relevant facts weigh strongly in favor of transferring this case to the Northern District of New York rather than to defer to Plaintiffs' choice of forum.

## II. THE MOTION TO TRANSFER VENUE OF THE CASE TO THE NORTHERN DISTRICT OF NEW YORK SHOULD BE DENIED.

### A. This District Is Convenient for the Parties.

As described above, GE, a national company, had unionized facilities throughout the eastern U.S. Consequently, the workers and retirees are located throughout the U.S. The GE representatives who participated in negotiations with the CBC are also located throughout the country.

9

GE's venue motion relies heavily upon this Court's decision in *Lewis*, 2011 U.S. Dist. LEXIS 148584, at *1-7, in which this Court properly transferred an action to the Western District of Pennsylvania where 83% of the putative class members resided, while only 1% of the class members resided in Ohio. In contrast, in this action, the putative class members are spread throughout the eastern U.S. GE acknowledges that of a total of 54,405 post-age-65 production retirees, 3,005, or 5.5%, reside in the Southern District of Ohio and 3,006, or 5.5%, reside in the Northern District of Ohio. Those percentages are not materially lower than the 9% of the post-65 production retirees who live in the Northern District of New York. The maps presented by Plaintiffs demonstrate that the Northern District of Ohio is a far more central place for this litigation than the Northern District of New York and, in fact, is better placed than any other District for the conduct of this litigation. (Kennedy Decl., Exs. E and F.)

As this Court stated in *Tyler v. Sento Corp.*, No. 05:08CV1047, 2008 U.S. Dist. LEXIS 123709 (N.D. Ohio Oct. 17, 2008) (Pearson, J.):

> Where several fora are available in which to try a case, some inconvenience to one or more parties will exist no matter which forum is chosen. Consequently, if a change of venue serves merely to shift the inconvenience from the plaintiff to the defendant, a change of venue is improper. Consistent with that principle, a generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district is generally insufficient to support a change of venue. Rather, the defendant must show a specific hardship involved in transporting documents to the plaintiff's chosen district and must also show that witnesses (usually third party witnesses, rather than employees of the defendants) are unwilling to attend a trial in that forum.

*Id.* at *27-28 (citations omitted).

The cases cited by GE in support of its motion are distinguishable from this action. *Morris v. Mid-Century Ins. Co.*, No. 4:11CV1836, 2012 U.S. Dist. LEXIS 60246 (N.D. Ohio April 30, 2012), involves issues of state law and public policy important to the state. Here, there are no state law issues and state public policy is not implicated. The issues and causes of action

10

in this case are entirely federal and of national scope. Moreover, the *Morris* case was in federal court because of diversity while this case is based on a federal statute.

In *Schmid Labs., Inc. v. Hartford Accident & Indem. Co.*, 654 F. Supp. 734, 737 (D.D.C. 1986), the court found that the forum selected by the plaintiff had "no factual nexus with the lawsuit." *Schmid* was also apparently a diversity case, and, significantly, involved "a difficult choice of law issue" wherein the law of the transferee state would have to be applied. *Id*. at 737 n.11. The *Schmid* court noted "[t]he benefit of having a local court construe its own law is a relevant factor in considering a transfer motion," and that "[t]his consideration is properly given greater weight when the applicable state law is unclear." *Id.* (citations omitted). Again, these considerations are not present in this case.

The *Kerobo* case cited by Defendants was also a diversity case with state law implications and it involved a forum-selection provision in a contract which is, "one of the factors to consider in this calculus." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (citation omitted). *UAW v. C.F. Gomma, U.S.A., Inc.*, No. 05-CV-71633-DT, 2005 U.S. Dist. LEXIS 41772 (E.D. Mich. July 29, 2005), considered the convenience of the forum for witnesses and concluded that most were in the transferee district. *Id.* at *10.

In contrast to the cases cited by Defendant, the instant case is a straightforward federal question case with national implications, which involves parties and witnesses who are fairly equidistant from the selected forum, and features a reasonably balanced distribution of retirees in the various districts where the case could have been brought.

While GE has argued that there are not sufficient connections with this District, it has not argued or shown that it would have any specific hardship in transporting documents to this

11

District or that witnesses are unwilling to attend a trial in this District.[4] GE has not met its burden to demonstrate that it is inconvenient for the case to continue in this District.

### B. This District Is Convenient for Witnesses.

ERISA provides for nationwide service of process. 29 U.S.C § 1132(e)(2). Therefore, there is no question that witnesses throughout the country will be required to be available for testimony in this case, whether in deposition or trial.

The discovery in this matter will be conducted among the attorneys and documents can easily be transferred electronically. Therefore, the initial location of the documents is immaterial to this venue motion. GE hired a large law firm with counsel in this District to defend this action. Therefore, GE should not have any difficulty in transporting evidence to the court for trial.

GE has not asserted that any witnesses will have any difficulty traveling to this District for a trial. Where a defendant does not provide proof of witnesses who will be inconvenienced by the plaintiff's chosen forum, the court will not transfer venue on that basis. *Tyler*, 2008 U.S. Dist. LEXIS 123709, at *30 ("'The court held that the movant's burden consists of more than simply asserting that another forum would be more appropriate for the witnesses; he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the

---

[4] A lawsuit brought by certain GE salaried workers to challenge a change in retiree health benefits for salaried workers that was effective January 1, 2015 was brought in the Eastern District of Wisconsin. *Kaufman v. Gen. Elec. Co.,* No. 14-Cv 1358 (E.D. Wis. filed Oct. 28, 2014) (Adelman, J.). GE did not make a motion to change venue of the *Kaufman* action, which is even farther from its headquarters in Connecticut than Ohio, but is within the Seventh Circuit. *Kaufman*, brought on behalf of a class of salaried GE retirees is very different from this action since the *Kaufman* plaintiffs were not covered by any collective bargaining agreements. This case, in contrast, rests squarely on the collective bargaining agreements between GE and the CBC from 1973 through 2011. But GE's failure to make a motion to change venue in *Kaufman*, demonstrates that convenience of parties and witnesses cannot be the main factor motivating this motion to transfer the venue of this action.

forum district.'") (quoting *Roberts Metals,* 138 F.R.D. at 91) (quoting *Gdovin v. Catawba Rental Co., Inc.*, 596 F. Supp. 1325, 1327 (N.D. Ohio 1984)) (internal quotation marks omitted).

The witnesses who could have the greatest difficulty attending a trial are the retirees who have limited resources available to them. The geographic centrality of this District will make it easier for retirees to serve as witnesses in this matter, particularly the majority of the retirees who reside in Pennsylvania, Ohio, Kentucky, Illinois and Indiana.

GE has not asserted that there are any practical problems of trying this case expeditiously and inexpensively in this District.

### C. The Interests of Justice Favor this District.

While there will be no difficulty in obtaining witnesses for trial of this action, it is important that the many retirees who are affected by this action have access to any hearings, including the trial of this matter. The interests of justice favor maintaining this action in this District because it is more centrally located than the Northern District of New York.

GE is no stranger to litigating in this District. According to PACER, there are 1,560 open cases pending in this District in which GE is a party.

### D. This Court Should Give Deference to Plaintiffs' Choice of Forum.

In a national class action of this type, venue would be proper in several different districts, including this District and many other districts in which GE and the affected retirees may be found. Courts give deference to a plaintiff's choice of forum. *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") (citation and internal quotation marks omitted); *see also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947); *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citation omitted); *Nicol v. Koscinski*, 188 F.2d

537, 537 (6th Cir. 1951) (citation omitted). The deference to plaintiff's chosen forum is heightened in ERISA cases. *Pace Indus. Union-Mgmt. Pension Fund v. King Soopers, Inc.*, No. 3:11-cv-00148, 2011 U.S. Dist. LEXIS 43553, at *7-8 (M.D. Tenn. Apr. 18, 2011) (collecting cases).

### E. The Respective Docket Loads of this District and the Northern District of New York Are Comparable When Properly Analyzed.

GE asserts that the Northern District of Ohio had more than five times as many cases pending as the Northern District of New York as of March 31, 2015 (10,415 versus 2,032). (ECF 20-1 at 14, n.1.) However, GE ignores that 7,979 of the cases in this District are multi-district litigation ("MDL") actions, including 7,800 against one defendant, DePuy Orthopaedics. (Kennedy Decl., Ex. J at 4.) Moreover, this District has 11 district judges and two senior district judges while the Northern District of New York has four district judges and five senior district judges. (*Id.*, Ex. K.) If the MDL actions are subtracted from the total, each judge in the Northern District of New York has an average of 226 cases, while each judge in this District has an average of 187 cases. Moreover, this District is more efficient than the Northern District of New York. As of June 30, 2015, the time from filing to trial of a civil case was 41.2 months in the Northern District of New York but only 35.4 months in this District. (*Id.*, Ex. K.)

## **CONCLUSION**

GE's motion to transfer this case to the Northern District of New York should be denied because GE has not shown that it would be inconvenienced, or that the interests of justice would not be served by continuing this case in the Northern District of Ohio.

Dated: January 20, 2016
New York, NY

>Respectfully submitted,
>
>s/   David M. Fusco
>David M. Fusco (0010387)
>Jesse M. Gannon (0090461)
>SCHWARZWALD McNAIR & FUSCO LLP
>616 Penton Media Building
>1300 East Ninth Street
>Cleveland, Ohio 44114-1503
>(216) 566-1600
>(216) 566-1814 (facsimile)
>dfusco@smcnlaw.com
>jgannon@smcnlaw.com
>
>Thomas M. Kennedy  (NY Bar No.1394162)*
>Susan M. Jennik (NY Bar No. 1809342)*
>Cristina E. Gallo (NY Bar No. 4882957)*
>KENNEDY, JENNIK & MURRAY, P.C.
>113 University Place,  7th Floor
>New York, N.Y. 10003
>(212) 358-1500
>(212) 358-0207
>tkennedy@kjmlabor.com
>sjennik@kjmlabor.com
>cgallo@kjmlabor.com
>
>*Attorneys for Plaintiffs*
>
>*\*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 20, 2016 a copy of the foregoing Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Transfer Venue was filed electronically.  Notice of this filing will be sent to all parties or their representatives by operation of the Court's electronic filing system.  Parties or their representatives may access these filings through the Court's system.

                                                s/ David M. Fusco
                                                Attorney for Plaintiffs