IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IUE-CWA, et al., ) | |
| ) | Case No. 4:15-cv-02301 |
| Plaintiffs, ) | |
| ) | Judge Benita Y. Pearson |
| v. ) | |
| ) | |
| General Electric Company, ) | |
| ) | |
| Defendant. ) | |

**Reply Memorandum in Support of**
**Defendant's Motion to Transfer Venue**

In *Lewis v. Allegheny Ludlum Corp.*, No. 4:11CV2517, 2011 WL 6440873 (N.D. Ohio Dec. 21, 2011) (Pearson, J.), this Court held that considerations of litigation convenience and the interests of justice support a transfer under 28 U.S.C. § 1404(a) when: (1) the case has "no real factual relationship to the forum"; and (2) the plaintiffs are "engaged in forum shopping" for legal precedent. *Id.* at *2. As demonstrated in GE's opening memorandum, Dkt. 20-1 ("Memo."), the same elements are presented here. *First*, this case has "no real factual relationship" to the Northern District of Ohio, as all of the key factual connections point elsewhere — primarily, to the Northern District of New York and its vicinity. Memo. at 10-12. As for the key conduct, the post-65 retiree health benefit plans that are at issue (the "Benefit Plans") were administered in the Northern District of New York, and the four decades' worth of collective bargaining agreements between GE and the

Plaintiff unions that are at issue (the "CBAs") were all negotiated nearby in the Southern District of New York.  As for the key parties, the lead union negotiator, the IUE GE Conference Board, has its principal place of business in the Northern District of New York, and GE is a New York corporation whose principal place of business in that state is also in the Northern District.  *Id.*  *Second*, Plaintiffs are "engaged in forum shopping" for legal precedent, as that was the transparent motive for their factually illogical choice of venue.  *Id.* at 12-14.  The law on the vesting of retiree health benefits in the Second Circuit is contrary to Plaintiffs' arguments here, whereas the law in the Sixth Circuit is unsettled.  Indeed, this Court's recent opinion finding vesting in another case was the only conceivable reason why Plaintiffs would have targeted the Youngstown sub-division by misstating in their civil cover sheet that GE's principal place of business within the district is a shuttered facility in Trumbull County rather than the headquarters of GE Lighting in Cuyahoga County.  *Id.*

Plaintiffs' Memorandum in Opposition, Dkt. 37 ("Opp."), fails to refute any of these points.  Nor does it offer any other credible opposition to the reasonable venue transfer that is proposed.  Accordingly, this Court should transfer the case to the United States District Court for the Northern District of New York.

I.  **PLAINTIFFS MISCHARACTERIZE THE STANDARD FOR TRANSFERRING VENUE PURSUANT TO 28 U.S.C. § 1404**

At the outset, Plaintiffs misconstrue the transfer standard in 28 U.S.C. § 1404(a) as applied by this Court in *Lewis*.  They do so in three related respects.

*First*, Plaintiffs repeatedly emphasize that the Northern District of Ohio is a "proper" venue for this case under ERISA and the LMRA in light of GE's historical and current presence in the district.  Opp. at 3-4, 7-8.  But the mere fact that the forum is a proper venue is irrelevant to whether venue should be transferred under 28 U.S.C. § 1404(a), because that fact is *always* present when § 1404(a) is at issue.  In contrast to 28 U.S.C. § 1406(a), which governs transfer when venue is

2

improper, § 1404(a) *presupposes* that venue is proper in the forum and nevertheless provides for transfer to another forum when appropriate in light of the "convenience of parties and witnesses" and the "interest of justice."  *Accord Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

*Second*, Plaintiffs erroneously contend that GE must show that the § 1404(a) factors weigh "strongly in favor" of transfer in order to overcome the "deference" owed to their choice of forum. Opp. at 9, 13-14.  As GE's opening memorandum observed, this Court in *Lewis* squarely held that "the balance need not be 'strongly in favor' of the party seeking the transfer, but rather need only favor the party seeking the transfer." 2011 WL 6440873, at *2 (quoting *Armco, Inc. v. Reliance National Insurance Company,* 1997 WL 311474, at *4 (S.D. Ohio May 30, 1997)).  Yet Plaintiffs completely ignore *Lewis* in this respect.  Moreover, the "strongly in favor" standard is drawn from *Gulf Oil Co. v. Gilbert*, 330 U.S. 501 (1947), which concerns the *common-law* doctrine of *forum non conveniens*, which had the harsh consequence of *dismissal. Id.* at 507-08.  That standard has no basis in § 1404(a)'s *statutory text* governing the more lenient remedy of *transfer*.  Indeed, the Supreme Court has explained that the "notion that 28 U.S.C. § 1404(a) was a mere codification of existing law relating to forum non conveniens is erroneous," because one of Congress's purposes was to "permit courts to grant transfers upon a *lesser showing* of inconvenience." *Norwood v. Kirkpatrick*, 349 U.S. 29, 31-32 (1955) (emphasis added).

*Third*, Plaintiffs unsuccessfully try to distinguish *Lewis* from this case by arguing that *Lewis* turned on the fact that "the overwhelming majority of potential class members" resided in the Western District of Pennsylvania.  Opp. at 9-10.  In actuality, although *Lewis* observed that this fact was "particularly" relevant to its weighing of the § 1404(a) factors, *Lewis* reasoned more broadly that "transfer is appropriate" under § 1404(a) where (1) the case has "no real factual relationship to the forum," and (2) the plaintiffs are "engaged in forum shopping" for legal precedent. *Lewis*, 2011 WL 6440873, at *2 (citing *Schmid Labs., Inc. v. Hartford Accident & Indem. Co.*, 654 F. Supp. 734, 736-37

3

(D.D.C. 1986)); *see also Morris v. Mid- Century Ins. Co.*, No. 4:11CV1836, 2012 WL 1551269, at *4 (N.D. Ohio Apr. 30, 2012) (Pearson, J.) (citing the same two reasons in approving transfer). Accordingly, the transfer decision in *Lewis* turned on the fact that the case had "no real factual relationship" *to the Northern District of Ohio*: the employer and the union were located in the Western District of Pennsylvania, they negotiated the CBAs at issue there, and the share of the putative class that resided in the Northern District of Ohio was not especially significant. *See Lewis*, 2011 WL 6440873, at *1 & n.1. Thus, while the concentration of the putative class in the Western District of Pennsylvania "particularly" underscored the "appropriate[ness]" of transfer in *Lewis*, it is readily apparent that the same result would have been appropriate even if the putative class had been more geographically dispersed. *Id.* at *2.[1]

## II.  PLAINTIFFS FAIL TO SHOW THAT THERE IS ANY REAL FACTUAL RELATIONSHIP BETWEEN THIS CASE AND THIS FORUM

Plaintiffs do not — and cannot — meaningfully dispute the primary reasons why the key factual relationships in this case point away from the Northern District of Ohio and toward the Northern District of New York and its vicinity.

*First*, Plaintiffs completely ignore that the Benefit Plans were administered in the Northern District of New York at GE's Schenectady facilities, where, among other things, GE maintained its health-benefit enrollment files for retirees and from where GE has routinely communicated with retirees about health benefits. *Compare* Memo. at 7, *with* Opp. at 3-4.

---

[1] Likewise, although Plaintiffs try to distinguish *Schmid* and *Morris* based on the fact that those cases involved state-law claims, Opp. at 10-11, this Court plainly did not view that fact as essential to the result in those decisions. Otherwise, it would not have relied on *Schmid* in *Lewis*, which after all involved federal-law claims — indeed, precisely the same type of federal-law claims at issue here. It is readily apparent that this Court viewed *Lewis*, *Morris*, and *Schmid* as all standing for the same basic principle: that transfer is appropriate where the case has no real factual relationship to the forum and the plaintiffs are engaged in forum-shopping for legal precedent, regardless of whether the case involves state-law claims or federal-law claims.

4

*Second*, Plaintiffs acknowledge that the lead union negotiator, the IUE GE Conference Board, is also currently located in the Northern District of New York within the Schenectady region. Memo. at 7; Opp. at 5. To be sure, Plaintiffs take pains to emphasize that the Board was previously located in Kentucky and Pennsylvania. Opp. at 5. But it is the Board's current location that determines whether it has a "real factual relationship" to the forum, as that is where its own documents and witnesses are located for purposes of discovery and trial under the Federal Rules of Civil Procedure. And in any event, Plaintiffs do not assert that the Board was ever located in Ohio, let alone the Northern District of Ohio. *Id.*

*Third*, Plaintiffs admit that the four decades' worth of CBAs were all negotiated in New York. Memo. at 7; Opp. at 4. Of course, Plaintiffs observe that those negotiations occurred within the Southern District rather than the Northern District. Opp. at 4. But the fact that GE and the various national unions chose to convene in New York City rather than Schenectady is no reason to keep this litigation in Ohio instead. To the contrary, it further confirms that the parties themselves viewed New York rather than Ohio as the most convenient and reasonable location to meet — and that they did so notwithstanding that the two lead unions in this litigation (the IUE-CWA and the UE) were headquartered respectively in the Southern District of Ohio and the Western District of Pennsylvania, and that the lead union negotiator, the IUE GE Conference Board, was located in the Western District of Kentucky from 1989-2004 and in the Eastern District of Pennsylvania from 1982-1989. *Id.* at 5, 7.

*Fourth*, Plaintiffs agree that GE is currently headquartered in Fairfield, Connecticut, and that many of its likely witnesses reside there. Memo. at 7; Opp. at 3, 6. Plaintiffs thus correctly recognize that it is immaterial to this motion that GE has recently announced its intent to move its headquarters to Boston, Massachusetts. *See* Ted Mann & Jon Kamp, *General Electric to Move Headquarters to Boston*, The Wall Street Journal (January 13, 2016), *available at* http://goo.gl/4EHxrX.

5

As of now, it is far from clear if any relevant witnesses and records may move from Fairfield to Boston; and more importantly, Boston and Fairfield are approximately equidistant from the Northern District of New York.

Given all this, Plaintiffs focus instead on the location of the putative class members. Even with respect to those people, however, Plaintiffs do not and cannot dispute that there are more individual class representatives, as well as a greater share of non-salaried production retirees, in the Northern District of New York than the Northern District of Ohio. Memo. at 8; Opp. at 5, 7. Plaintiffs thus are forced to emphasize instead the general geographic distribution of the entire nationwide class. Specifically, they argue that the Northern District of Ohio is "a relatively central location for GE post-65 retirees based on the top ten states in which those retirees reside," and that the "majority of the retirees" reside in "Pennsylvania, Ohio, Kentucky, Illinois and Indiana," supposedly rendering it "easier" for retirees "to serve as witnesses" or appear for hearings in this district. Opp. at 5, 10, 13.

Plaintiffs cite no authority for the proposition that the forum that happens to be the geographic "center of gravity" of a putative class bears a "reasonable factual relationship" to the lawsuit without regard to where the critical conduct took place and where the critical parties, witnesses, and documents reside. In fact, the overall geographic distribution of the putative class is irrelevant, because the vast majority of class members will surely not ever attend any court hearings or be called to testify as witnesses. That is the entire purpose of representative litigation. *See, e.g.*, Fed. R. Civ. P. 23(a) ("claims or defenses of the representative parties" must be "typical of the claims or defenses of the class," and "questions of law or fact" must be "common to the class").

Indeed, Plaintiffs recently sought to excuse "all Plaintiff party representatives and individual retirees, except the party representatives of the IUE-CWA and UE," from attendance at the initial case-management conference, on the grounds that the two lead unions "represented the majority of

the affected retirees" and were "familiar with the issues in the case." Plaintiffs' Motion to Excuse, Dkt. 16, at 1-2. It would be "impractical and unnecessary," Plaintiffs contended, to even have their *named class representatives* appear in court. *Id.* at 1. If Plaintiffs so believed, then it surely follows *a fortiori* for the *putative class members*. It is therefore quite irrelevant whether this forum is more "centrally located" to Kentucky or Pennsylvania, Opp. at 5-6, as the putative class members are unlikely to travel the hundreds of miles to attend in *any* proposed location.

### III. PLAINTIFFS FAIL TO REFUTE THAT THEY ARE ENGAGED IN FORUM-SHOPPING FOR LEGAL PRECEDENT

In response to GE's demonstration that Plaintiffs' factually illogical venue choice is a transparent effort to forum shop for legal precedent, Memo. at 12-14, Plaintiffs half-heartedly suggest that they are concerned solely about the geographic locus of putative class members, Opp. at 1. But consideration of that metric only further confirms that Plaintiffs' targeting of this forum is nothing more than legal gamesmanship.

To begin, Plaintiffs did not file in the Western District of Pennsylvania, even though it is more centrally located and the UE is headquartered there. Opp. 5-7; Kennedy Decl., Exs. E and F. Yet doing so would have put Plaintiffs in the Third Circuit rather than the Sixth Circuit. Moreover, even within the Sixth Circuit, Plaintiffs did not file in the Southern District of Ohio, even though it too is more centrally located, is closer to Kentucky (where the greatest share of putative class members reside), and is where the IUE-CWA is headquartered. *Id.* Yet doing so would not have allowed Plaintiffs to target this Court, which had issued a recent decision finding vesting in *Zino v. Whirlpool Corp.*, No. 5:11CV01676, 2015 WL 6559579 (N.D. Ohio Oct. 30, 2015) (Pearson, J.).

Indeed, Plaintiffs utterly fail in their attempt to justify the misstatement on their civil cover sheet that identified GE as a resident of Trumbull County in the Youngstown sub-division (where this is the only court). Memo. at 11-12. Plaintiffs assert that they indicated that GE was a "resident" of Trumbull County because Local Rule 3.8(b) states that a defendant resides in any

7

county "in which it is subject to personal jurisdiction." Opp. at 1. But the Civil Cover Sheet did not ask Plaintiffs to indicate where GE was a "resident" under Local Rule 3.8(b); rather, it unambiguously instructed that, "[f]or the purpose of answering" the question whether "the defendant resides in a county within this district," "a corporation is deemed to be a resident of that county in which it has *its principal place of business in that district*." Civil Cover Sheet, Dkt. 1-11, § III(1) (emphasis added). And Plaintiffs plainly misstated the answer to that question, as they do not and cannot dispute that GE's principal place of business within this district is not the shuttered facility in Trumbull County, but rather the headquarters of GE Lighting in Cuyahoga County (and that location also has no factual relationship to this case). Memo. at 11-12; Opp. at 1, 3. In light of Plaintiffs' obvious forum-shopping, their choice of forum should be given no deference, and this Court should transfer the case to the district with the strongest factual nexus.

## CONCLUSION

For the foregoing reasons, this case should be transferred to the United States District Court for the Northern District of New York.

Respectfully submitted.

/s/Stanley Weiner

Stanley Weiner (OH Bar No. 0083382)
sweiner@jonesday.com
Johanna Fabrizio Parker (OH Bar No. 0071236)
jfparker@jonesday.com
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone:  (216) 586-3939
Facsimile:   (216) 579-0212

Glen D. Nager (admitted pro hac vice)
gdnager@jonesday.com
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-5464
Facsimile:   (202) 626-1700

Attorneys for Defendant
General Electric Company

CERTIFICATE OF SERVICE

      I hereby certify that, on January 25, 2016, a copy of this Reply in Support of Defendant's Motion to Transfer Venue was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

      /s/Stanley Weiner
      Stanley Weiner (OH Bar No. 0083382)

      Attorney for Defendant
      General Electric Company