IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IUE-CWA, et al., ) | |
| ) | Case No. 4:15-cv-02301 |
| Plaintiffs, ) | |
| ) | Judge Benita Y. Pearson |
| v. ) | |
| ) | |
| General Electric Company, ) | |
| ) | |
| Defendant. ) | |

**Reply Memorandum in Support of
Defendant's Motion to Stay Discovery**

GE's opening memorandum, Dkt. 21-1 ("Memo."), made three key points that are relevant here. *First*, in deciding whether to stay discovery pending resolution of a motion to dismiss, courts weigh two factors: (1) the burden that would be imposed on the parties, any third parties, and the court from conducting and litigating discovery that would become moot if the case is dismissed; and (2) the hardship that would be imposed on the parties and the court from any delay that may occur if the case is not dismissed. Memo. at 6, 7-8. *Second*, the discovery that Plaintiffs request here would impose a significant and unwarranted burden on GE, third parties, and whatever court ends up adjudicating this case. Plaintiffs are seeking (among other things) voluminous extrinsic evidence concerning post-65 retiree health benefit plans (the "Benefit Plans") that were addressed in more than a dozen collective bargaining agreements over the last 40-plus years between GE and numerous

unions (the "CBAs"), even though this case can and should be resolved based solely on the plain language of the Benefit Plans and CBAs.  *Id.* at 5, 8-9.  *Third*, the proposed stay would not impose any meaningful and unjustified hardship on Plaintiffs.  It would be relatively brief and this case is still in the early stages.  *Id.* at 9-10.

Plaintiffs' Memorandum in Opposition, Dkt. 36 ("Opp."), fails to refute any of these points.  Nor does it offer any other credible opposition to the brief stay of discovery that is proposed.  Accordingly, this Court should stay discovery pending resolution of the Motion to Dismiss that GE will be filing on or before February 10, 2016, if this case is not transferred.

## ARGUMENT

### I. PLAINTIFFS MISCHARACTERIZE THE STANDARD FOR STAYING DISCOVERY PENDING RESOLUTION OF A MOTION TO DISMISS

Plaintiffs' principal argument is that GE has failed to "demonstrate a strong likelihood that [its] motion to dismiss" will be granted.  Opp. at 1, 7-11.  But the standard for staying discovery pending resolution of a dispositive motion does not require this Court to prejudge the likely merits of GE's forthcoming motion to dismiss.

As detailed in GE's opening memorandum, the standard for "assessing a motion to stay discovery" pending resolution of an initial motion to dismiss simply requires "weigh[ing] the burden of proceeding with discovery … against the hardship which would be worked by a denial of discovery," with respect to the parties, any third parties, and the court.  Memo. at 6 (citing *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014); and *Glazer v. Whirlpool Corp.*, No. 1:08-CV-1624, 2008 WL 4534133, at *1 (N.D. Ohio Oct. 6, 2008)).  That burden-weighing standard does not reference the likelihood of success on the underlying motion to dismiss.  Moreover, GE's opening memorandum cited numerous decisions that stayed discovery without considering the merits of the pending motion to dismiss, as well as one decision that stayed discovery of extrinsic evidence about the meaning of a

2

contract even though no dispositive motion had been filed, simply because the court had not yet determined whether the contract was ambiguous. *Id.* at 7-8 (citing *Victoria's Secret*, 2014 WL 1045994, at *2; *Klein Steel Servs. Inc. v. Sirius Prot.*, LLC, No. 13-CV-14651, 2014 WL 923178, at *1 (E.D. Mich. Mar. 10, 2014); *Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 1722224, at *1-2 (E.D. Mich. June 19, 2006); and *Cardinal Aluminum Co. v. Cont'l Cas. Co.*, No. 3:14-CV-857, 2015 WL 4068405, at *2-3 (W.D. Ky. July 2, 2015)). Indeed, another case cited by GE squarely held that "Defendants are not required to show a substantial likelihood of success on their dispositive motion," because that is "plainly irrelevant to the case-management issue" whether to grant "a stay of discovery until such time as the court decides" the dispositive motion. *Romar Sales Corp. v. Seddon*, No. 1:12-CV-838, 2013 WL 141133, at *2 (W.D. Mich. Jan. 11, 2013) (cited in Memo. at 6).

Plaintiffs do not address, much less distinguish, any of these cases. Opp. at 5-6. Nor do they cite any contrary cases. The cases upon which they rely uniformly focus on the relative burdens for the parties, any third parties, and the court, without ever suggesting that a likelihood of success on the underlying merits is relevant, let alone required. *Id.* Indeed, one case cited by Plaintiffs concludes that a stay of discovery should *not* be based on whether "dismissal is likely," because that "would require the court to make a preliminary finding" and thus "circumvent the procedures for resolution of" a motion to dismiss. *Rothstein v. Steinberg*, No. 5:08CV0673, 2008 WL 5716138, at *4 (N.D. Ohio June 9, 2008). Of course, as *Rothstein* explained, while courts need not consider the merits of the case-dispositive motion in deciding whether to stay discovery, nor should they issue a stay based on the mere filing of such a motion. *See id.* What is necessary in addition is a showing that the "'balance of hardships' tips in … favor" of a stay when the scope of potentially unnecessary discovery sought is weighed against the potential delay involved. *See id.* at 3 (finding that the movant there "fail[ed] completely" to make that showing apart from "conclusory arguments").

All that said, GE's forthcoming Motion to Dismiss should in fact succeed.  Among other things, that motion will explain in greater detail that:  (1) the challenged changes to the Benefit Plans after the CBAs expired are expressly allowed by applicable reservation of rights clauses; and (2) none of the other language cited by Plaintiffs established a promise to vest lifetime post-65 retiree health benefits beyond the expiration of the CBAs, because (contrary to Plaintiffs' assertions) they all merely address certain issues that might arise within the duration of each CBA.  Given the current procedural posture, GE will not further elaborate here on the merits of its Motion to Dismiss or the corresponding flaws in Plaintiffs' merits arguments.  GE will be filing its Motion to Dismiss on or before February 10, 2016, if the case is not transferred.  And in the interim, discovery is already stayed pending this Court's resolution of GE's Motion to Transfer.  Dkt. 28.  Accordingly, if this Court ultimately decides not to transfer the case and thus must decide whether to continue the discovery stay pending resolution of GE's Motion to Dismiss, it will have the opportunity to consider GE's fully developed merits arguments at that time should it so desire.

## II.    PLAINTIFFS FAIL TO REFUTE THE SIGNIFICANT BURDEN THAT THEIR EXTENSIVE AND POTENTIALLY UNNECESSARY DISCOVERY REQUEST WOULD IMPOSE ON GE, THIRD PARTIES, AND THE COURT THAT ADJUDICATES THIS CASE

Plaintiffs concede that "there will be a significant discovery process."  Opp. at 11.  They could hardly have contested that characterization.  They themselves propose that the parties will undertake "discovery on 40 years of CBAs and negotiations," including at least several dozen party and non-party witnesses as well as tens of thousands of pages of documents.  *Id.* at 12 & n.4; *see also* Memo. at 5.  Furthermore, they propose that all of this, including the inevitable disputes that a court would have to referee, must be accomplished within seven months.  Memo. at 5.

Nevertheless, Plaintiffs argue that this significant discovery process will not be "unusually burdensome or difficult" because "GE is a giant global conglomerate" with "billion[s]" of dollars that does not "lack[] the resources or ability" to perform this undertaking.  Opp. at 11-12.

4

Apparently, it is Plaintiffs' position that potentially wasteful and unnecessary discovery should be permitted so long as a party can bear the costs. Tellingly, Plaintiffs cite no authority whatsoever for this remarkable position. *Id.* Plaintiffs' argument is fundamentally flawed in several respects.

*First*, when considering a motion to stay discovery pending a dispositive motion, the "burden" analysis does not turn on the amount of discovery that a party can afford. Rather, it turns on the amount of time and expense for discovery that would be "wasteful" because "dismissal of the Complaint would render the discovery request moot." *Blixseth v. Cushman & Wakefield of Colo., Inc.*, No. 12-cv-00393, 2012 WL 3962800, at *2 (D. Colo. Sept. 11, 2012); *Klein Steel Servs.*, 2014 WL 923178, at *1. Parties with significant resources are equally entitled to avoid such "wasteful" discovery. *See, e.g.*, *Blixseth*, 2012 WL 3962800, at *2-3 (granting stay of discovery to Credit Suisse in an action brought by a single individual alleging a predatory loan). And that is especially true in light of the recent amendments to the Federal Rules of Civil Procedure, which emphasize the need for all "the parties" and "the court" to ensure that discovery is "proportional to the needs of the case," including through the proper use of phasing and sequencing of discovery. Memo. at 8-9.

*Second*, wholly apart from GE's resources, Plaintiffs completely ignore that their significant and potentially unnecessary discovery requests would waste the resources of (1) the third parties that will inevitably be subject to discovery in this case, and (2) the court that will have to referee the inevitable discovery disputes that will arise. Yet the caselaw holds that the burden on third parties and the court is an important part of the balance in deciding whether to stay discovery pending a dispositive motion. *See, e.g.*, *Glazer*, 2008 WL 4534133, at *1; *Blixseth*, 2012 WL 3962800, at *2.

*Third*, the foregoing points apply with special force here, given that Plaintiffs themselves now take the position that the case can be resolved without resort to extrinsic evidence. Opp. at 11 n.3. To be sure, they contend that the plain language of the CBAs and Benefit Plans compels judgment in their favor, while GE contends the exact opposite. *Id.* Nevertheless, given that all parties

5

contend that the case can be resolved without resort to extrinsic evidence, it is particularly wasteful to start the discovery process unless and until the court adjudicating this case determines that such evidence is actually necessary.

### III. PLAINTIFFS FAIL TO SHOW THAT A SHORT STAY OF DISCOVERY WOULD CAUSE THEM MEANINGFUL AND UNJUSTIFIED HARDSHIP

Plaintiffs lastly argue that they "will be unfairly prejudiced" by a stay of discovery given that "[a]ny delay" in adjudicating the case will expose "[t]housands of members" of the putative class to "serious financial harm." Opp. at 12-13. This argument is unfounded and grossly exaggerated.

To begin, Plaintiffs ignore that the potential length of any delay from a discovery stay would be minimal. Plaintiffs do not dispute this Court's observation at the initial case management conference that any delay would at most be two or three months, as this Court anticipated that it likely could resolve GE's Motion to Dismiss by mid-April. And Plaintiffs do not and cannot credibly claim that there would have been significant progress towards ultimate resolution of this case during that brief period if this Court were to deny the proposed stay as well as GE's Motion to Dismiss. That is precisely why, as Plaintiffs do not dispute, courts have repeatedly held that such brief delays in "the early stages of litigation" typically "will not [cause] significant[] prejudice." *Compare* Memo. at 9 (citing *Glazer*, 2008 WL 4534133, at *1; and *Victoria's Secret*, 2014 WL 1045994, at *2), *with* Opp. at 13 (citing no contrary case).

Nor can Plaintiffs fairly assert that they have an atypical need to avoid even a brief delay due to the modest financial circumstances of some of the putative class members. Opp. at 13. As this Court observed at the initial case management conference, GE announced the challenged changes in July 2015 but Plaintiffs waited to file suit until November 2015. *See* Complaint at 40 & Exh. E. Moreover, when Plaintiffs eventually filed suit, they sought waiver of service from GE, Dkt. 3, even though that extended GE's time to respond to the Complaint by up to 39 days. *See* Fed. R. Civ. P. 12(a)(1)(A) (providing that a defendant must serve an answer either within 21 days after service of

6

the complaint or within 60 days of a request for waiver of service if service is waived). These actions are inconsistent with Plaintiffs' assertion now that they are unfairly burdened by a brief stay of discovery while a motion to dismiss is resolved. *See Victoria's Secret*, 2014 WL 1045994, at *3 (refusing to consider "[a]ny burden" from a stay-related delay that was "self-inflicted").

Moreover, although Plaintiffs assert that "[t]housands" of putative class members will face "thousands of dollars" in extra costs, Opp. at 12-13, Plaintiffs have not come close to substantiating that assertion. Rather, Plaintiffs have produced *only seven* letters that are *unsworn and unverified*, with no explanation even of how they were procured. Kennedy Decl., Ex. I. These letters are not cognizable evidence, Fed. R. Civ. P. 43(c); 28 U.S.C. § 1746, and there is no reason to believe that they are representative of the class. Indeed, it is striking that the individuals referenced in those letters are *neither class representatives nor disclosed witnesses*. *Compare* Kennedy Decl., Ex. I, *with* Complaint ¶ 14, *and* Kennedy Decl., Ex. H, at 9-14. By contrast, Plaintiffs' opposition is notably silent concerning the anticipated impact on "the 28 Individual Plaintiffs" who purport to "represent[] themselves and others similarly situated." Opp. at 1. One can only assume from this silence that the 28 proposed class representatives are not themselves facing the kind of alleged harm and prejudice alleged in Plaintiffs' opposition. Nor should that be surprising, given that the Plaintiff unions themselves referred to the benefit changes at issue as "a reasonable post 65 health care package" when they accepted them in the 2015 CBA as applied to eligible union-represented employees who retire during the duration of that agreement. Transfer Memo., Dkt. 20-1, at 5-6.

That Plaintiffs have presented such a limited showing of alleged harm vividly confirms GE's assessment that, in fact, the changes at issue afford many retirees the opportunity to save money and choose coverage that is more tailored to their needs and preferences. Specifically, GE has contracted with a private exchange whose trained counselors assist eligible post-65 retirees in selecting and purchasing insurance in the marketplace that meets their individual coverage needs

7

beyond Medicare for medical care, hospital visits, and prescription drugs, and GE is further providing retirees with reimbursement for certain expenses; by doing so, GE has provided its post-65 retirees with the opportunity to obtain coverage better suited to their individualized circumstances than the one-size-fits-all coverage that GE previously provided — potentially leading to more cost-effective coverage for roughly three-quarters of these retirees. Memo. at 3.[1]

## Conclusion

For the foregoing reasons and those outlined in GE's Motion to Stay Discovery, this Court should stay discovery pending resolution of GE's forthcoming Motion to Dismiss.

---

[1] Plaintiffs go even further astray in citing as evidence of harm the $3.3 billion that GE has estimated it will save from the implementation of the benefit changes at issue for its non-salaried retiree population. Opp. at 4. As GE has previously explained, GE savings do not equate to retiree costs. Instead, reliance on the exchanges brings in market-pricing efficiencies that allow many retirees the opportunity to save money along with GE. Moreover, Plaintiffs overlook that the $3.3 billion figure includes savings associated with these benefit changes for: (1) retirees who were not represented by the Plaintiff unions while employed; and (2) active employees, including those for whom the Plaintiff unions negotiated these changes this past summer.

8

Respectfully submitted.

/s/Stanley Weiner
Stanley Weiner (OH Bar No. 0083382)
sweiner@jonesday.com
Johanna Fabrizio Parker (OH Bar No. 0071236)
jfparker@jonesday.com
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Glen D. Nager (admitted pro hac vice)
gdnager@jonesday.com
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-5464
Facsimile: (202) 626-1700

Attorneys for Defendant
General Electric Company

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 25, 2016, a copy of this Memorandum of Points and Authorities in Support of Defendant's Motion to Stay Discovery was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

<u>/s/Stanley Weiner</u>
Stanley Weiner (OH Bar No. 0083382)

Attorney for Defendant
General Electric Company